1
2
3
4
5
6
7
8
9
10
11

## IN THE UNITED STATES DISTRICT COURT

12

## FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14 FRESNO COMMUNITY HOSPITAL
    AND MEDICAL CENTER,

          CASE NO. CV F 07-0325 LJO SMS

15
          Plaintiff,

**ORDER ON DEFENDANTS' MOTION TO DISMISS**
(Doc. 24.)      _____

16

17     vs.

18 JOHN SOUZA, et al,

          Defendants.

19 _____/

20

## INTRODUCTION

21 _____Defendants seek to dismiss plaintiff Fresno Community Hospital and Medical Center's

22 ("Community Hospital's") breach of contract and fraud claims on grounds that they are preempted by

23 the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., or fail to state

24 a claim. Community Hospital asserts that its claims avoid ERISA preemption and urges this Court to

25 remand this action to state court. This Court considered defendants' motion to dismiss on the record and

26 VACATES the July 26, 2007 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed

27 below, this Court GRANTS defendants' motion to dismiss Community Hospital's claims and GRANTS

28 Community Hospital leave to file an amended complaint.

1

**BACKGROUND**

**The Parties And Others**

Community Hospital is a nonprofit corporation which provides medical services and supplies to patients. Defendants John Souza ("Mr. Souza") and Ida Hailstone ("Ms. Hailstone") are trustees and fiduciaries of defendant Northern California General Teamsters Security Fund ("Fund"), an ERISA plan. Defendant James Long ("Mr. Long") served as a Fund trustee until his July 2006 resignation.[1] The Fund along with the Employees Medical, Dental & Vision Benefit Plan of Fresno Union Employees ("Plan"), another ERISA plan sponsored by Foster Farms Company ("Foster Farms"),[2] provide health care benefits to participants and beneficiaries through employee benefit plans. The Fund and Foster Farms outline medical benefits in summary plan descriptions ("SPDs") which describe benefits eligibility, covered and excluded benefits, and benefits procedures, limitations and conditions.

Delta Health Care Systems ("Delta") is a California corporation incorporated under the name of defendant Wm. Michael Stemler, Inc. Delta is a third party administrator which processes medical benefits claims for participants and beneficiaries of employee benefit plans. Delta provides administrative services to the Fund and Plan, including determination of benefits eligibility, preparation of checks for covered benefits, and transmission of checks to medical providers. Defendant Chat Systems, Inc. ("Chat Systems") is a defunct California corporation which provided capitation management services to a few medical groups and providers. Chat Systems never provided services to the Fund or Plan and dissolved in 1998.[3]

The Fund and Plan have agreements with Blue Cross of California ("Blue Cross")[4] whereby Blue Cross guarantees that services of a hospital or provider under contract with Blue Cross will be billed at discounted rates. Payments for the provider services are subject to terms and limitations of the Fund and

---

[1]   Mr. Souza, Ms. Hailstone, Mr. Long and the Fund will be referred to collectively as the "Teamster defendants."

[2]   Neither the Plan nor Foster Farms is a defendant.

[3]   The Teamster defendants, Delta and Chat Systems will be referred to collectively as "defendants."

[4]   Blue Cross is not a defendant.

2

1   Plan.

2   **Blue Cross Contract**

3          Community Hospital and Blue Cross entered into a participating hospital agreement ("Blue Cross

4   contract") which provides that payments to Community Hospital are limited to those covered by a

5   medical benefits plan (called a "Benefit Agreement" in the Blue Cross contract) for eligible participants

6   under a medical plan.  The Blue Cross contract provides:

7        BLUE CROSS agrees to verify to [Community] HOSPITAL a person's BLUE CROSS
     membership and to identify for HOSPITAL, based upon information provided by
8        HOSPITAL, waivered conditions, current balance of lifetime maximum and any dollar
     limits applicable under the relevant Benefit Agreement. . . . A guarantee of eligibility is
9        not a guarantee of payment.  If HOSPITAL is notified that the member is eligible,
     HOSPITAL is entitled to payments for **services rendered, covered under, and subject**
10       **to the exclusions and limitations of the relevant Benefit Agreement.**  (Bold added.(

11         The Blue Cross contract defines "Benefit Agreement" as "the written agreement between BLUE

12  CROSS and a group or individual pursuant to which BLUE CROSS indemnifies health expenses,

13  provides or administers health benefits, or otherwise pays or arranges for the payment of benefits for

14  health care services" and "arrangements established by BLUE CROSS or by persons or entities utilizing

15  the Managed Care Network pursuant to a contract with BLUE CROSS."

16  **Community Hospital's Claims**

17         In short, Community Hospital seeks approximately $43,000 for medical expense claims which

18  Delta denied because two patients ("ineligible patients") failed to comply with SPD requirements to

19  execute a reimbursement agreement and to provide information about other medical coverage and a pre-

20  existing condition.  On December 8, 2006, Community Hospital filed its operative complaint against

21  defendants in Fresno County Superior Court.  The complaint alleges that Blue Cross entered into

22  contracts with hospitals and hospitals agreed to provide medical services and supplies to enrollees of

23  health plans which were registered with Blue Cross as "payor" signatories to the Blue Cross contract.

24  The complaint further alleges that such payors agreed to pay hospitals for services and supplies provided

25  to enrollees of the payors' health plans.  The complaint alleges that the Teamster defendants registered

26  with Blue Cross as a payor signatory to the Blue Cross contract and agreed to pay hospitals for services

27  and supplies provided to Fund enrollees. More specifically, the complaint alleges that under the Blue

28  Cross contract, Community Hospital agreed to provide medical services and supplies and in exchange,

3

1   the Teamster defendants agreed to pay Community Hospital under the Blue Cross contract negotiated

2   rates at a 10 percent discount "off of the ordinary total billed charges."

3          Community Hospital's complaint alleges a (first) breach of written contract cause of action that

4   the Teamster defendants breached the Blue Cross contract by failing to pay nearly $39,000 (10 percent

5   discount applied) for the ineligible patients' care.  The complaint alleges a (second) quantam meruit

6   cause of action against the Teamster defendants that Community Hospital "was obstructed from pursuing

7   other avenues of reimbursement, rendered medical care on false pretenses, and has suffered substantial

8   detrimental damages" of approximately $43,000.   The complaint alleges a (third) negligent

9   misrepresentation cause of action that a Blue Cross employee, who was a Teamster defendants' agent,

10  misrepresented that the Teamster defendants would pay 90 percent of Community Hospital's billed

11  charges in that the Team defendants "had no intention to adhere to the Blue Cross Contract and pay

12  Fresno Community Hospital 90% of Fresno Community Hospital's ordinary total billed charges" for

13  medical care and supplies for the ineligible patients.  The complaint's (fourth) intentional interference

14  with contractual relations cause of action alleges that Delta improperly interfered with contractual

15  relations between Community Hospital and the Teamster defendants to convince the Teamster

16  defendants to withhold "full and proper payment" to Community Hospital.

17                                        **Removal**

18         On February 28, 2007, defendants filed their notice to remove Community Hospital's action to

19  this Court on grounds that ERISA preempts state causes of action to recover benefits from an ERISA-

20  covered employee benefit plan.[5]  Defendants seek F.R.Civ.P. 12(b)(1) and (6) dismissal on grounds that

21  Community Hospital's claims against the Teamster defendants are preempted by ERISA and that the

22  claim against Delta fails to satisfy essential elements.

23                                       **DISCUSSION**

24                               **Motion To Dismiss Standards**

25         Defendants may challenge this Court's jurisdiction over the subject matter of plaintiffs'

26  complaint under F.R.Civ.P. 12(b)(1).  A complaint will be dismissed if, looking at the complaint as a

27

28         [5]      The magistrate judge's July 5, 2007 order denied remand to the state court.

                                            4

whole, it appears to lack jurisdiction "facially" or "factually." *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1).

The United States Supreme Court in *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338 (1926) explained:

> A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case unless the defect be corrected by amendment.

When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992). A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

1   of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

2   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

3   support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

4   *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

5   there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

6   cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

7   *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

8       In resolving a Rule 12(b)(6) motion, the court must:  (1) construe the complaint in the light most

9   favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

10  whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

11  *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  "However, conclusory allegations of law and

12  unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d

13  696, 699 (9th Cir. 1998).  A court need not permit an attempt to amend a complaint if "it determines that

14  the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v.*

15  *N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

16      With these standards in mind, this Court turns to defendants' motion to dismiss Community

17  Hospital's causes of actions.

### ERISA Preemption

19      The Teamster defendants contend that ERISA preempts Community Hospital's breach of written

20  contract, quantam meruit and negligent misrepresentation causes of action against them.  E R I S A

21  broadly preempts state laws that "relate to any employee benefit plan" as described by ERISA.  29

22  U.S.C. § 1144(a); *Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1120 (9th Cir. 1998); *see Pilot Life*

23  *Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48, 107 S.Ct. 1549 (1987).  An employee welfare benefit plan is

24  a plan, fund or program "established or maintained by an employer" to provide medical, surgical, or

25  hospital care or benefits.  29 U.S.C. § 1002(1)(A).

26      Since ERISA's purpose is to provide "a uniform regulatory regime over employee benefit plans,"

27  ERISA "includes expansive pre-emption provisions . . . which are intended to ensure that employee

28  benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S.

1  200, 208, 124 S.Ct. 2488, 2495 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523,

2  101 S.Ct. 1895 (1981)).   "Therefore, any state-law cause of action that duplicates, supplements, or

3  supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the

4  ERISA remedy exclusive and is therefore pre-empted."  *Aetna Health*, 542 U.S. at 209, 124 S.Ct. at

5  2495.  The ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-

6  emptive power" that it "converts an ordinary state common law complaint into one stating a federal

7  claim for purposes of the well-pleaded complaint rule."  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S.

8  58, 65-66, 107 S.Ct. 1542 (1987).

9  　　　　Defendants contend that Community Hospital "has artfully pleaded" causes of action to attempt

10  to avoid ERISA preemption although Community Hospital seeks to recover benefits under an ERISA

11  plan.  Defendants point out that Community Hospital's complaint does not allege a breach of contract

12  between it and defendants and references the Blue Cross contract between Community Hospital and Blue

13  Cross and which provides that payments to Community Hospital are limited to covered services and

14  supplies covered by a benefit plan or "Benefit Agreement."  Defendants contend that their obligation to

15  pay Community Hospital for medical services and supplies is governed by an ERISA plan and that

16  enrollees in the Fund and Plan are third-party beneficiaries to the Blue Cross contract.  Defendants

17  continue that the ineligible patients were covered by ERISA plans when Community Hospital treated

18  them but failed to adhere to the plan SPDs to result in Delta's denial to the ineligible patients' medical

19  expenses.

20  　　　　Community Hospital responds that its causes of action are independent of ERISA and do not

21  "relate to" ERISA as a matter of law in that its claims "involve the relationship between a health plan

22  and a hospital."  Community Hospital asserts that it has not sued for "benefits" under an ERISA plan

23  but "has sued for damages under the agreement between the health plan and the University Medical

24  Center [Community Hospital],not under the agreement between the health plan and its enrollees."  More

25  specifically, Community Hospital argues that its claims arise from "defendants' breach of the payment

26  provision under the Blue Cross contract."

27  　　　　A common law claim "relates to" an employee benefit plan governed by ERISA "if it has a

28  connection with or reference to such plan."  *New York State Conference of Blue Cross & Blue Shield*

7

1    *Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656, 115 S.Ct. 1671 (1995).  Under the relationship test,

2    courts "look to whether the state law encroaches on relationships regulated by ERISA, such as between

3    plan and plan member, plan and employer, and plan and trustee." *Blue Cross of California v. Anesthesia*

4    *Care Assoc.*, 187 F.3d 1045, 1053 (9th Cir. 1999).  Common law claims do not "relate to" an ERISA plan

5    when the "adjudication of the claim required no interpretation of the plan, no distribution of benefits,

6    and no dispute regarding any benefits previously paid."  *Peralta v. Hispanic Business, Inc.*, 419 F.3d

7    1064, 1069 (9th Cir. 2005).  However, where a claim requires interpretation of an ERISA plan or law,

8    ERISA preemption exists.  *See Peralta*, 419 F.3d at 1069.  Community Hospital can avoid ERISA

9    preemption only if it identifies a separate contract between the parties, or alleges a specific

10   misrepresentation that does not require interpretation of the Fund or Plan and would not affect

11   relationships of ERISA participants.  *See Geweke Ford v. St. Joseph's Omni Pref. Care Inc.*, 130 F.3d

12   1355, 1358 (9th Cir. 1997).

13       Community Hospital is unable to avoid ERISA preemption and oversimplifies the dispute as

14   merely between a health plan and hospital.  Community Hospital attempts to ignore the import of the

15   Plan and Fund, ERISA plans which are the bases for Community Hospital's rights at issue.  As a

16   reminder, the Blue Cross contract provides that Community Hospital is entitled to payment for services

17   "rendered, covered under, and subject to the exclusions and limitations of the relevant Benefit

18   Agreement."  Such specific reference to a "Benefit Agreement" requires application of the Plan and

19   Fund to distinguish this action from cases relied upon by Community Hospital.  *See Meadows v.*

20   *Employers Health Ins.*, 47 F.3d 1006, 1009 (9th Cir. 1995) (patients had no existing ties to ERISA plan

21   when services were provided to avoid ERISA preemption); *Blue Cross*, 187 F.3d at 1049, 1054 (dispute

22   between provider and Blue Cross related to changes in fee schedule, not ERISA plan and did not involve

23   "the difficulties that Congress sought to avoid with ERISA's preemption clause").

24       In addition, Community Hospital attempts to distinguish ERISA benefits from "damages."

25   Community Hospital argues that its claims "do not address areas of exclusive federal concern because

26   they do not relate to benefits under the terms of an ERISA plan; rather, they relate to damages suffered

27   by [Community Hospital] as a result of defendants' breach of their contract with the hospital and/or

28   defendants' misrepresentations."  Community Hospital fails to substantiate such distinction.  Benefits

provided under the Plan and Fund include medical services and supplies and payment to providers of such services and supplies.

### Cognizable ERISA Claims

Defendants further contend that Community Hospital "fails to state any claim that is cognizable under ERISA." Defendants argues that even viewing Community Hospital's claims as ERISA claims, Community Hospital's complaint "fails to allege any cause of action under the civil enforcement provisions of ERISA." Defendants point to 29 U.S.C. § 1132(a) ("section 1132(a)"), which provides:

> A civil action may be brought--
>
> (1) by a participant or beneficiary--
>
> > (A) for the relief provided for in subsection (c) of this section, or
> >
> > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . .

Defendants argue that Community Hospital is neither an ERISA participant, beneficiary nor fiduciary to lack standing to bring a section 1132(a) claim. Defendants note Community Hospital fails to allege that it was assigned a section 1132(a) claim to invoke standing. *See Misic v. Building Service Employees Health and Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986) (assignee of beneficiaries pursuant to valid assignment under ERISA had standing to assert assignors' claims). Community Hosptial responds that "defendants' argument that the state causes of action are preempted based on ERISA is a legal impossibility since [Community Hospital] lacks standing to bring an action on ERISA grounds."

Community Hospital appears to argue its lack of ERISA standing validates its state law claims. Although defendants' points are well taken, Community Hospital attempted to allege state law claims,

9

1  not ERISA claims.  In light of ERISA preemption, this Court grants Community Hospital an opportunity

2  to amend to address deficiencies raised by defendants.

3      Defendants further argue that even if Community Hospital had a valid ERISA claim assignment,

4  Community Hospital fails to allege requisite exhaustion of administrative remedies under the Fund and

5  Plan, which require an appeal within 180 days of claim denial.  *See Sarrah v. Standard Ins. Co.*, 102

6  F.3d 991, 993 (1996) (failure to meet administrative exhaustion requirement bars ERISA plan claim).

7  Defendants further note that Community Hospital fails to allege that the Teamster defendants violated

8  a fiduciary duty to invoke a viable section 1132(a) claim.  Defendants argue that Community Hospital

9  seeks benefits payments for which it has no recourse under section 1132(a)(3), which authorizes only

10  equitable relief.  *See McLeod v. Oregon Lithoprint Inc.*, 102 F.3d  376, 379 (9th Cir. 1996) ("We have

11  previously considered the scope of relief available under [section 1132(a)(3)] and have limited the relief

12  under that section to equitable and not compensatory damages.")

13      Since Community Hospital is granted an opportunity to amend, this Court need not pass

14  judgment on exhaustion and viability of fiduciary claims.

15                    **Tort Claim Against Delta**

16      Delta argues that even if Community Hospital's (fourth) cause of action against it for intentional

17  interference with contractual relations survives ERISA preemption, it fails to satisfy elements of the state

18  law tort claim.  The elements of a cause of action for intentional interference with contractual relations

19  are: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract;

20  (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship;

21  (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Pacific Gas &*

22  *Elec. Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126, 270 Cal.Rptr. 1, 3-4 (1990); *see Seaman's Direct*

23  *Buying Service, Inc. v. Standard Oil Co.,* 36 Cal.3d 752, 765-766, 206 Cal.Rptr. 354 (1984); *Ramona*

24  *Manor Convalescent Hospital v. Care Enterprises,* 177 Cal.App.3d 1120, 1130, 225 Cal.Rptr. 120

25  (1986); *Farmers Ins. Exchange v. State of California,*175 Cal.App.3d 494, 506, 221 Cal.Rptr. 225

26  (1985).

27      The fourth cause of action alleges that the Blue Cross contract "constituted a valid contract

28  between Fresno Community Hospital and Teamsters" and that Delta interfered with such contractual

10

1   relations "by convincing Teamsters to withhold full and proper payment to Fresno Community

2   Hospital." Delta points out that the Teamster defendants were not parties to the Blue Cross contract and

3   the complaint alleges that "health plans were registered with Blue Cross as 'Payor' signatories to the

4   Blue Cross Contract." Delta contends that the fourth cause of action fails because the complaint does

5   not allege that Delta induced Blue Cross to breach the Blue Cross contract and the complaint alleges no

6   other contract.

7        Fresno Community responds that it satisfies necessary elements for its (fourth) intentional

8   interference with contractual relations cause of action in that the complaint alleges that "Delta was aware

9   of the existence of the Blue Cross Contract, and specifically knowledgeable that the Blue Cross Contract

10  existed between Fresno Community Hospital and Teamsters" and that Delta interfered with such

11  contractual relations by "convincing Teamsters to withhold full and proper payment" to Community

12  Hosptial.

13       Delta appears to concede that Community Hospital's (fourth) intentional interference with

14  contractual relations cause of action is not ERISA preempted and, as such, challenges the merits of the

15  cause of action. The focus of the cause of action is the Blue Cross contract between Blue Cross and

16  Community Hospital. The Teamsters defendants were not parties to the Blue Cross contract and thus

17  could not have breached the contract. As plead, the (fourth) intentional interference with contractual

18  relations cause of action lacks a necessary element in that it fails to allege Delta's acts to induce a breach

19  or disruption of the contractual relationship between Blue Cross and Community Hospital in that the

20  cause of action focuses on the Teamster defendants, not Blue Cross. This Court grants Community

21  Hospital an opportunity to amend to attempt to cure such deficiencies.

22                        **CONCLUSION AND ORDER**

23       For the reasons discussed above, this Court:

24  1.    GRANTS the Teamster defendants' motion to dismiss the complaint's (first) breach of

25        contract, (second) quantam meruit and (third) negligent misrepresentation causes of

26        action on grounds they are preempted under ERISA;

27  2.    GRANTS Delta's motion to dismiss the complaint's (fourth) intentional interference

28        with contractual relations on grounds that it fails to allege necessary elements; and

1    3.    GRANTS Community Hospital leave to amend its complaint and ORDERS Community

2          Hospital, no later than August 8, 2007, to file and serve its amended complaint.[6]

3    IT IS SO ORDERED.

4    Dated:   __July 23, 2007__         _____/s/ Lawrence J. O'Neill_____
                                              UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    _____

27         [6]      This Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference
      to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375
28    F.2d 55, 57 (9th Cir. 1967).  After the filing of an amended complaint, the original pleadings serves no further function.